ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
**OATA-2024-123**[1]

| HIRAM GUADALUPE PÉREZ<br><br>PETICIONARIO<br><br>v.<br><br>MINETTE MARIE COLÓN JIMÉNEZ<br><br>RECURRIDA | KLCE202401137 | *Certiorari pr*ocedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Civil.: BY2023CV01450<br><br>Sobre: Liquidación de comunidad de bienes |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Boria Vizcarrondo y el Juez Pérez Ocasio

Ortiz Flores, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de diciembre de 2024.

Comparece el señor Hiram Guadalupe Pérez (Sr. Guadalupe Pérez; peticionario) ante este tribunal intermedio y nos solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 27 de agosto de 2024 y notificada en esta misma fecha. En el referido dictamen, el TPI expidió una orden protectora a favor de la señora Minette Marie Colón Jiménez (Sra. Colón Jiménez; recurrida) en cuanto a descubrimiento de prueba relacionado a sus ingresos y estados bancarios.

Adelantamos que, en el ejercicio de nuestra discreción, denegamos expedir el recurso presentado.

**I**

El matrimonio constituido entre las partes fue disuelto mediante una sentencia de divorcio, emitida el 25 de enero de 2023 y notificada el 27 de enero de 2023.[2] Así las cosas, el 15 de marzo de 2023, el Sr. Guadalupe Pérez instó una *Demanda* de liquidación de comunidad de bienes donde

---

[1] Mediante la Orden Administrativa OATA-2024-123, se designó al Hon. Alberto L. Pérez Ocasio en sustitución de la Hon. Waleska I. Aldebol Mora por inhibición.
[2] Véase la *Sentencia Final* en el caso SJ2022RF01335.

arguyó que, a pesar del matrimonio haber otorgado capitulaciones matrimoniales, el comportamiento de ambos cónyuges se distanció del mencionado régimen de tal manera que adquirieron bienes y asumieron deudas en común.[3] Por tal motivo, solicitó la liquidez de la alegada comunidad de bienes constituida por ambos. Por su parte, la Sra. Colón Jiménez contestó la *Demanda* y esencialmente negó la existencia de comunidad de bienes alguna entre las partes y afirmó que no existe una causa de acción por lo que la *Demanda* es frívola.[4] Luego de algunos trámites procesales y comenzado el proceso de descubrimiento de prueba, la recurrida presentó al TPI una moción titulada *Solicitud de Orden Protectora*.[5] En esta planteó que la reclamación del peticionario es, en esencia, que a este le corresponde una participación equitativa de un inmueble privativo de la recurrida y que, por tal motivo, solicitaba una orden protectora para que no se requiera divulgar ninguna información financiera, de activos o pasivos, de negocios o profesión de la Sra. Colón Jiménez. Esto último con el propósito de limitar el descubrimiento de prueba a lo pertinente a la reclamación.[6]

En respuesta a lo anterior, el Sr. Guadalupe Pérez sometió su oposición y arguyó que el descubrimiento de prueba cursado iba dirigido a establecer que durante el matrimonio las partes se comportaron tal cual sostiene el Sr. Guadalupe Pérez donde ambos aportaron equitativamente al pago de la hipoteca de la propiedad en cuestión y para cubrir las cargas del matrimonio. Igualmente añadió que la información solicitada no era privilegiada y resultaba altamente pertinente para la adecuada preparación y el trámite del caso.[7] Luego de presentada una *Réplica a Oposición a "Solicitud de Orden Protectora"*[8] por la recurrida y celebrada una vista de estatus de los procedimientos, el 27 de agosto de 2024 el TPI emitió una

---

[3] Apéndice del recurso, págs. 1-3.
[4] Apéndice del recurso, págs. 4-8.
[5] Apéndice del recurso, págs. 78-128.
[6] Apéndice del recurso, pág. 83.
[7] Apéndice del recurso, pág. 132.
[8] Apéndice del recurso, págs. 144-148.

*Resolución* donde declaró procedente la orden protectora solicitada por la recurrida. A esos efectos dispuso lo siguiente:

> [D]eterminamos que procede la objeción de la demandada y la expedición de orden protectora a su favor en cuanto al requerimiento de producir las planillas de contribución sobre ingresos y a la totalidad de sus estados de cuenta bancarios desde el 2013 hasta la fecha del divorcio. Dicha solicitud está dirigida a obtener información financiera que no es pertinente a la controversia relacionada a la participación que alega haber tenido el demandante en la comunidad de bienes.
>
> Según informado por las partes en la moción conjunta, la demandada produjo estados financieros en los cuales tachó las transacciones que no estuvieran relacionadas a los gastos del hogar y del entonces matrimonio. Entendemos que ello es suficiente, pues lo contrario sería brindar al demandante acceso irrestricto a todas las transacciones financieras realizadas por su ex esposa durante un periodo extenso de tiempo que incluye información impertinente a la controversia de autos, cuando existía entre ellos un régimen de total separación de bienes establecido mediante capitulaciones matrimoniales. Lo mismo ocurriría con las planillas de contribución sobre ingresos, cuya pertinencia a las reclamaciones del demandante no se ha establecido ni sugerido de forma alguna.
>
> El hecho de que la parte demandada haya solicitado las planillas del demandante, y que este se hubiese allanado a la expedición de una orden a esos efectos, no activa automáticamente una reciprocidad en la revisión de documentos confidenciales. Es el demandante quien tiene el peso de la prueba para demostrar la existencia de la comunidad cuya liquidación reclama, y sus alegaciones en torno a lo que sostiene que contribuyó y/o adquirió de los bienes en controversia. La totalidad de los estados financieros de la demandada y sus planillas de contribución sobre ingresos no son pertinentes para sustentar las alegaciones de las participaciones del demandante y están protegidas por el derecho a la intimidad.[9]

Inconforme con lo dictado por el TPI, el Sr. Guadalupe Pérez acude ante nosotros y expone los siguientes señalamientos de errores:

> PRIMER ERROR:
> Erró el TPI al emitir una resolución que lacera el debido proceso de ley del peticionario e impide que pueda tener un proceso justo y con todas las garantías de ley conforme las disposiciones de Sec. 7 del Art. II de la Constitución de Puerto Rico y en la Quinta y Decimocuarta Enmienda de la Constitución de Estados Unidos. Const. PR art. II, § 7 (2016); Const. EE. UU. enm. V y XIV.
>
> SEGUNDO ERROR:
> Incurrió en craso error el TPI al emitir un dictamen que soslaya la naturaleza adversativa constitucional de nuestro sistema judicial y que tiene el propósito de garantizar a las

---

[9] Apéndice del recurso, págs. 293-294.

partes litigantes el que puedan estar adecuadamente preparadas al momento en que su caso se vea en los méritos.

TERCER ERROR:
Incurrió en craso error el TPI en su aplicación del derecho y al descarta[r] disposiciones del debido proceso de ley que garantizan que los mecanismos de descubrimiento de prueba deben estar disponibles en todo pleito que pueda privar a una persona de su propiedad o libertad.

CUARTO ERROR:
Erró el TPI al emitir un dictamen que trasgrede el debido proceso de ley en cuanto al acceso a descubrimiento de prueba y al resolver que en un caso de liquidación de comunidad de bienes no procede, como parte del descubrimiento de prueba – específicamente el cursado por el peticionario – la entrega de los estados de cuenta de banco y las planillas de contribución sobre ingresos para los años en controversia.

QUINTO ERROR:
Erró el TPI al apartarse en su totalidad del marco doctrinal vigente en Puerto Rico y conceder una Orden Protectora, luego de disponer que los estados de [cuenta] de Banco y las Planillas de Contribución sobre Ingresos, exclusivamente de la recurrida, no son pertinentes a un caso sobre Liquidación de Comunidad de Bienes; que son confidenciales y están cobijados por el derecho a la intimidad, equiparando con tal expresión cual si fueron privilegiados, y evitando así que el peticionario pueda descubrir la prueba documental con la que podría sustentar, y en su día, probar las alegaciones en su caso.

El 25 de octubre de 2024, emitimos una *Resolución* donde concedimos a la recurrida hasta el 4 de noviembre de 2024 para mostrar causa por la cual no expedir el recurso presentado. La Sra. Colón Jiménez, en cumplimiento con lo ordenado, presentó su oposición de manera oportuna quedando así el recurso perfeccionado y listo para su adjudicación.

**II**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior". *Rivera et al. v. Arcos Dorados*, 212 DPR 194, 207 (2023), que cita a *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las

materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). Particularmente, en cuanto al *certiorari* para revisar dictámenes interlocutorios del foro primario, en su parte pertinente, la Regla 52.1 dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la **denegatoria de una moción de carácter dispositivo**. […]. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. […] (Énfasis nuestro.)

Así pues, a este foro intermedio le corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que auscultar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de alguno de los asuntos establecidos en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari.* En aquellos casos en los que el asunto no esté comprendido dentro de la norma, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, analizamos si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari.* Como se sabe, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad". *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción". *Meléndez v. Caribbean Int´l News*, 151 DPR 649, 664 (2000).

Finalmente, es norma reiterada que al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. A su vez, los foros apelativos no debemos intervenir con las decisiones de los tribunales de instancia, "salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que [la] intervención en esa etapa evitará un perjuicio sustancial". (Énfasis nuestro.) *Lluch v. España Service Sta.*, *supra,* pág. 745.

**III**

Examinado el recurso de *certiorari* presentado el 21 de octubre de 2024, así como los documentos anejados al mismo y la oposición de la recurrida, somos del criterio que no se justifica nuestra intervención. A la luz de la Regla 52.1 de Procedimiento Civil, *supra*, no vemos cabida para expedir el recurso e incidir en el manejo del caso ante el TPI, el cual tampoco encontramos ha incurrido en un abuso de discreción o que haya

actuado bajo prejuicio o parcialidad. La resolución recurrida proveyó para una orden protectora al amparo de la Regla 23.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 23.2 (2009). Dicha ley permite la emisión de órdenes protectoras por el tribunal, requerida en justicia, para proteger a la persona que es objeto del descubrimiento, de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida. Los foros de instancia tienen amplia discreción para el manejo del proceso de descubrimiento de prueba de los casos que se ventilan en sus salas. Por lo que, de ordinario, los foros apelativos no intervendrán a menos que se demuestre que el foro recurrido incurrió en un craso abuso de discreción, se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra el peticionario. Al ello no haber sucedido, concluimos que no se nos persuadió sobre la deseabilidad de intervenir en esta etapa de los procedimientos.

**IV**

Por lo anteriormente expuesto, denegamos expedir el presente auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones